UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-mj-8398-BER

UNITED STATES OF AMERICA

vs.

FARINTONG CALDERON,

Defendant.
_____/

FILED BY ƬM D.C.

OCT 02 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## APPLICATION FOR MATERIAL WITNESS WARRANT

The United States of America, by and through the undersigned counsel, hereby make application in support of a request for the issuance of a material witness warrant, pursuant to 18 U.S.C. §§ 3144 and 3142, for Farintong Calderon ("Calderon"). This request is supported by this application and the attached affidavit of Federal Bureau of Investigation Special Agent Rodney Cortés, attached hereto and incorporated by reference. The warrant is sought in connection with testimony material to a federal trial for defendant Edgar Estarlin Peralta Lopez ("Peralta), CR 16-60190, in the Southern District of Florida before the Honorable Beth Bloom scheduled to begin November 12, 2019. A federal grand jury has charged Peralta with ten counts in a massive telecommunications fraud scheme including conspiracy in violation of 18 U.S.C. § 371 (Count One); wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2 (Counts Four through Eight); and aggravated identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts Ten through Thirteen).

Five of the six defendants in CR 16-60190 have already signed cooperation plea agreements with the United States, pleaded guilty, and been sentenced.[1] Peralta—the only

---

[1] The guilty pleas and sentencings for defendants Batista, Fana, Santana, and Calderon

remaining defendant—was recently arrested in the Dominican Republic after a request from the United States and just extradited to Miami in August. As noted above, Peralta's trial is scheduled to begin in Miami on November 12, 2019, and the other defendants in CR 16-60190 may be needed to testify at trial as material witnesses. However, one of these defendants—Calderon, a citizen and resident of the Dominican Republic—is set to be released from prison in Folkston, Georgia on Friday, October 4, 2019 and then subsequently removed to the Dominican Republic. Once in the Dominican Republic, he would likely be unavailable to testify at trial and would be beyond the subpoena power of the Court. Thus, it is crucial to obtain a material witness warrant for Calderon to ensure his testimony for trial.

## Application for Material Witness Warrants

18 U.S.C. § 3144 provides for the issuance of an arrest warrant for a material witness upon a showing that (1) the testimony is material in a criminal proceeding and (2) it may become impracticable to secure the presence of a person by subpoena.[2] As set forth more fully in the accompanying affidavit, Farintong Calderon qualifies as a material witness under Section 3144.

---

were all before Judge Daniel T.K. Hurley in West Palm Beach, FL.

[2] Specifically, 18 U.S.C. § 3144 provides in relevant part:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

2

The United States believes that securing the attendance of Calderon at Peralta's upcoming trial will be impracticable for a number of reasons. First, Peralta's trial is scheduled in Miami for November 12, 2019 but Calderon in expected to be released from prison in Georgia on October 4, 2019. Second, Calderon is a citizen and resident of the Dominican Republic and was extradited to the United States just for this case. Once he is released from prison, he will likely be placed immediately in removal proceedings in the Georgia area and then deported from the United States to the Dominican Republic. Third, once Calderon is in the Dominican Republic, he will be beyond the subpoena power of the Court.

Notably, Section 3144 provides for the option of securing the testimony of a material witness pursuant to a deposition under the Federal Rules of Criminal Procedure; at that point the witness may be released. Assuming the Court grants the instant material witness warrant for Calderon, the United States would attempt to negotiate with defense counsel and/or request that the Court order Calderon to be deposed expeditiously pursuant to the Federal Rules of Criminal Procedure and then released for deportation proceedings after the depositions have been successfully completed.

## Conclusion

Accordingly, the United States requests that the Court issue a material witness arrest warrant for Farintong Calderon pursuant to 18 U.S.C. §§ 3144 and 3142.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/ Matthew A. Lamberti

JARED M. STRAUSS
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501264
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
(954) 356-7255 (telephone)
(954) 356-7336 (fax)
jared.strauss@usdoj.gov

MATTHEW A. LAMBERTI
Court ID No. A5502226
Senior Counsel
United States Department of Justice
1301 New York Avenue, NW
Washington, DC 20530
(202) 514-1026 (telephone)
matthew.lamberti@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-mj-8398-BER

UNITED STATES OF AMERICA

vs.

FARINTONG CALDERON,

Defendant.
_____/

FILED BY _TM_ D.C.

OCT 02 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR A MATERIAL WITNESS WARRANT

I, Rodney Cortés, being duly sworn, depose and state as follows:

1. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since 2003 and am currently assigned to the Miami Field Office. Since joining the FBI, I have been assigned to investigate a variety of cyber, economic, counterterrorism, and violent crimes. As a Special Agent of the FBI, I am an investigative or law enforcement officer of the United States of America within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered by law to conduct investigations of, and make arrests for, criminal offenses including 18 U.S.C. § 371 (Conspiracy), § 1343 (Wire Fraud), § 1029 (Fraud and Related Activity in Connection with Access Devices), and § 1028A (Aggravated Identity Theft).

2. This affidavit does not contain every detail of every aspect of this investigation, but rather sets forth those facts that I believe are necessary to demonstrate probable cause to believe that, within the Southern District of Florida and elsewhere, FARINTONG CALDERON (hereinafter "CALDERON"), should be arrested and detained temporarily as a material witness in a criminal proceeding pursuant to 18 U.S.C. §§ 3144 and 3142.

## Applicable Federal Criminal Statute

3. 18 U.S.C. § 3144 provides in relevant part:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

## Background of Case

4. On July 14, 2016, a federal grand jury in the Southern District of Florida indicted six defendants—Ramon Batista a/k/a Porfirio, Edgar Estarlin Peralta Lopez, FARINTONG CALDERON, Edwin Fana, Braulio de la Cruz Vasquez, and Jose Santana a/k/a Octavio Perez on multiple counts in a massive telecommunications fraud scheme.

5. On August 29, 2016, Fana signed a cooperation plea agreement with the United States, pleaded guilty to Counts One, Three, and Nine of the indictment, and was later sentenced to prison. He was released on May 7, 2019.

6. On October 26, 2016, Santana signed a cooperation plea agreement with the United States, pleaded guilty to Counts One, Four, and Ten of the indictment, and was later sentenced to prison. Like Fana, he was released on May 7, 2019.

7. On December 12, 2016, CALDERON signed a cooperation plea agreement with the United States, pleaded guilty to Count One of the indictment, and was later sentenced to prison. CALDERON is a citizen of the Dominican Republic and may be removed from the United States after serving his sentence. CALDERON is currently

2

being incarcerated at D. Ray James Correctional Institution, a medium-security prison located in Folkston, Georgia. He is scheduled to be released on October 4, 2019.

8. On January 5, 2017, Batista signed a cooperation plea agreement with the United States, pleaded guilty to Counts One, Three, and Nine, and was later sentenced to prison. Batista is a citizen of the Dominican Republic and may be removed from the United States after serving his sentence. Batista is also incarcerated at D. Ray James, and is scheduled to be released on September 3, 2022.

9. On August 7, 2018, the Dominican Republic extradited de la Cruz to the United States pursuant to a request from the United States and he was subsequently detained in Miami.

10. On November 8, 2018, de la Cruz signed a cooperation plea agreement with the United States, pleaded guilty to Counts One, Eight, and Thirteen of the indictment, and was sentenced to prison. De la Cruz is a citizen of the Dominican Republic and may be removed from the United States after serving his sentence. De la Cruz is also incarcerated at D. Ray James, and is scheduled to be released on April 26, 2023.

11. On August 21, 2019, the Dominican Republic extradited Peralta to the United States pursuant to a request from the United States and he was subsequently detained in Miami.

12. On September 19, 2019, the Court set a calendar call for Peralta for November 5, 2019 at 1:30 pm and a jury trial to begin on November 12, 2019 at 9:00 am.

13. The United States is currently preparing for trial in this matter for Peralta, the last remaining defendant in this case. The trial is set to begin November 12, 2019. As noted above, all of the defendants except Peralta have already signed cooperation

agreements with the United States, pleaded guilty, and been sentenced. They may be needed as witnesses at the trial.

14. In the indictment, Peralta is charged with ten counts including conspiracy in violation of 18 U.S.C. § 371 (Count One); wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2 (Counts Four through Eight); and aggravated identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts Ten through Thirteen).

15. In Count One, Peralta is charged with conspiring with the other five defendants—including CALDERON—in this case, so the testimony of the other defendants would be important at trial. In addition, CALDERON worked extensively with Peralta in the scheme. For example, during the course of almost a one-year period, the two exchanged more than 400 emails containing fraudulently obtained telecommunications identifying information, and even links containing "soft switches" (these are websites that allowed conspirators to monitor illicit telephone traffic and keep track of the minutes for each call). Moreover, some of the fraudulent telecommunications identifying information that CALDERON supplied Peralta was then sent to other co-conspirators such as De la Cruz and Fana. And CALDERON apparently even met Peralta face-to-face in the Dominican Republic during the conspiracy. A December 27, 2011 email from CALDERON to Peralta with the subject line "mi inf" provided Peralta with CALDERON's flight information for a trip from the United States to the Dominican Republic, and returning January 7, 2012.

16. However, in the absence of a material witness warrant, CALDERON may be unavailable for trial to provide material testimony regarding Peralta. After CALDERON

is released from prison on or about October 4, 2019, he will be subsequently removed to the Dominican Republic. Once in the Dominican Republic, he may be unable or unwilling to testify at trial. Furthermore, he would be beyond the subpoena power of a U.S. court and thus securing his presence by subpoena would become impractical.

17. I therefore request that FARINTONG CALDERON be arrested and temporarily detained as a witness for further proceedings in this case pursuant to 18 U.S.C. §§ 3144 and 3142.

Respectfully submitted,

Special Agent Rodney Cortés
Federal Bureau of Investigation

Sworn and Subscribed to me this 2 day of October 2019

The Honorable Bruce E. Reinhart
United States Magistrate Judge

5